People v D.G. (2025 NY Slip Op 51128(U))

[*1]

People v D.G.

2025 NY Slip Op 51128(U)

Decided on July 23, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 23, 2025
Youth Part, Erie County

The People of the State of New York

against
D.G. AO.

Docket No. FYC-72122-25/001

Nicholas J. Marino, Esq. (Assistant District Attorney)
Ryan Anderson, Esq. (for Principal D.G.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Nicholas J. Marino, Esq. (Assistant District Attorney), dated June 30, 2025; no responsive papers having been filed by Ryan Anderson, Esq. on behalf of AO D.G.; oral argument and a hearing on the motion having been waived in writing by the ADA; and due deliberation having been had, the Court finds the following:
 Procedural History
AO D.G. is charged under FYC-72122-25/001 with one count of Criminal Possession of Stolen Property in the Third Degree, a class D felony contrary to PL § 165.50; one count of Criminal Mischief in the Second Degree, a class D felony contrary to PL § 145.10; Unauthorized Use of a Vehicle, a class A misdemeanor contrary to PL § 165.05(1); Unlawfully Fleeing Police in a Motor Vehicle, a class A misdemeanor contrary to PL § 270.25; and Obstruction of Governmental Administration in the Second Degree, a class A misdemeanor contrary to PL § 195.05(1). He is also charged under FYC-72123-25/001 with nine Vehicle and Traffic Law [*2]infractions.
This Court arraigned AO D.G. on June 16, 2025, and released him on his own recognizance. AO D.G. was already placed in the custody of the Office of Children and Family Services on a Juvenile Delinquency matter. A six-day reading was unnecessary. At the People's request, the Court ordered this matter to proceed in accordance with CPL § 722.23(1). A decision on the extraordinary circumstances motion was scheduled for July 23, 2025.
 

 Findings of Fact
It is alleged that on June 9, 2025, a victim reported her vehicle stolen. She had not given any person permission to take or use her vehicle. On June 10, 2025, at approximately 1:30 AM, police officers attempted a lawful traffic stop of the stolen vehicle. AO D.G. was driving the vehicle. He fled the traffic stop and led multiple police cars with lights and sirens activated on a high-speed chase, driving more than 70 MPH over the posted speed limit. AO D.G. crashed the vehicle, damaging a guardrail and light pole, then fled on foot until he was apprehended.
 

 Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. (CPL § 722.23(1)(a), (d). The term "extraordinary circumstances" is not defined in the Raise the Age Law. (People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025)). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors" (NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra). The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See also, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
AO D.G. is alleged to have been driving a stolen vehicle, failed to abide by a lawful traffic stop, and led multiple police vehicles in a chase at an excessively high rate of speed in the middle of the night until he crashed the vehicle. The People allege that AO D.G.'s intentional acts of possessing the stolen vehicle, fleeing the scene, abandoning the vehicle, and fleeing on foot make this an extraordinary case. There were no mitigating factors raised, as no response was submitted by Defense counsel.
This Court finds that highly unusual and heinous facts have not been proven. AO D.G. was not in possession of any firearms. He is not alleged to have committed a series of crimes over multiple days. Fortunately, AO D.G. did not injure anyone. AO D.G. has no history in Youth Part. AO D.G. is alleged to have caused damage to the stolen vehicle; Family Court can award restitution of up to $1,500.
Based on the information provided and the allegations presented by the People, this Court has no reason to believe that this Youth will not be amenable to the heightened services of Family Court. See, People v J.P., 80 Misc 3d 1205[A] (Youth Part, Erie County, 2023).
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare" (Assembly Record, p. 39.) Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN